JUDGE LINDSAY
delivered the opinion op the court.
Austin L. Reeves, C. C. Kilburn, and one Shenick were partners, engaged in the manufacture and sale of brick in the city of Covington. By the terms of their partnership Beeves and Kilburn were each to furnish one half of the capital stock — viz., three thousand dollars.
Beeves, it seems, furnished the full amount agreed upon; but Kilburn, being unable to raise any portion of the amount due from him, induced his step-father, Ward, to execute to Beeves his note for three thousand dollars, dated September 17, 1867, due' in one year, and bearing interest from date; and to secure the payment of the note Ward and his -wife at the same time made and executed to Beeves a mortgage upon certain property in the city of Covington. *241 This note and mortgage were executed to Reeves as a security to him for Kilburn’s half of the money composing the capital stock of the firm, in case Reeves should advance the same for him, or to be by Reeves negotiated as security for money borrowed and furnished the firm in behalf of Kilburn. The appellant, S. M. Baker, claims that while Reeves thus held said note and mortgage he had in his hands of her funds the sum of fifteen hundred dollars, and that upon the faith of said security he did advance to the firm for and on account of Kilburn her said fifteen hundred dollars; and that he afterward borrowed from the Eureka Insurance Company, for the benefit of the firm and on account of Kilburn, the further sum of fifteen hundred dollars, and placed the note and mortgage in the hands of said company as a security for the sum so borrowed, and that an action was then being prosecuted in the Kenton Circuit Court by the insurance company to recover said amount, and to subject the mortgaged property to the payment of their debt. Mrs. Baker makes said insurance company, Ward and wife, Reeves, and Kilburn parties defendant to her action. She prays to be subrogated to the legal title to the note and mortgage to the extent that her money was advanced to the firm upon the faith of the same, and to that extent to have the mortgage enforced for her benefit. The insurance company and Reeves entered their appearance to Mrs. Baker’s action, and filed a joint answer admitting all the allegations contained in her petition. Ward by his answer denied none of the material facts set up by Mrs. Baker, but claimed to have no knowledge or information as to whether or not Reeves had advanced any money on her account to the firm, and demanded proof upon that isolated point. Her action was consolidated with that of the insurance company, and upon hearing judgment was rendered in favor of said company, and her petition was dismissed, and to reverse that judgment she prosecutes this appeal.
*242 It is clear the note and mortgage were executed to enable Kilburn to raise money, or rather to induce Reeves to advance money for him, and there can be no doubt but that Reeves was authorized to negotiate the note, in case it became necessary so to do, in order to accomplish the purpose for which it was executed. Had Reeves advanced his own individual funds on the faith of the note, he could have recovered therefor. The right of the insurance company to recover is not questioned; and if it be true that Reeves, while acting as the’ agent of Kilburn and Ward upon the one side and Mrs. Baker upon the other, did advance to the firm on Kilburn's account the money of Mrs. Baker, there is no reason why she should not have the relief sought.
The note and mortgage were executed for the purpose of raising money for a specific object, and Reeves, the agent of Ward, was not so restricted and limited in his authority as not to be allowed to sell or pledge the same to any individual who would give credit to the paper on account of the manner in which its payment was secured. (Ward v. Northern Bank of Kentucky, 14 B. Monroe, 283; Browning v. Fountain, 1 Duvall, 13.) The two depositions of Reeves, who was a competent witness — the one taken by the insurance company and the other by Mrs. Baker — clearly establish that the money of the appellant, to the amount of one thousand five hundred dollars, was advanced for the purpose intended upon the faith of the note and mortgage.
It may be true that Reeves is unable to render a correct account of the moneys used by the firm of Kilburn, Shenick & Co. while engaged in business, but Mrs. Baker is in no way responsible for the manner in which the accounts of that firm were kept.
The positive testimony of Reeves that he did advance the money of Mrs. Baker to the firm on Kilburn's account, and on the faith of the note, is uncontradicted, and there are no such *243 contradictions or inconsistencies in his evidence as will warrant the belief that he swore corruptly.
The court should have rendered judgment in favor of Mrs. Baker for the amount of her claim, and subjected the mortgaged property to the payment of the same as well as to that of the insurance company, their liens upon said property being of equal dignity.
Wherefore the judgment dismissing appellant’s petition is reversed, and the cause remanded with instructions for further proceedings consistent with this opinion.